**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOSUE ISRAEL SIERRA REYES,

Plaintiff,

v.

JOSEPH B. EDLOW, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

Case No. 26-1380-HLT-BGS

**MEMORANDUM & ORDER GRANTING**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and**
**DENYING REQUEST FOR COUNSEL**

In conjunction with his *pro se* Complaint, Plaintiff Josue Israel Sierra Reyes filed a Motion for Leave to Proceed Without Prepayment of Fees (or *in forma pauperis*) along with a supporting financial affidavit ("*IFP* application," Docs. 3, 3-1) and a Motion for Appointment of Counsel (Doc. 4.) For the reasons explained below, Plaintiff's *IFP* application (Doc. 3) is **GRANTED** while his request for counsel (Doc. 4) is **DENIED**.

## I. Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to

grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff, taking into account any income as well as debts and financial obligations, establishes his inability to pay the required filing fee and that his access to the Court would be significantly inhibited if this motion was not granted. Thus, the Court **GRANTS** Plaintiff's motion to proceed without prepayment of fees. (Doc. 3.)

## II. Service of Process.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened Plaintiff's Complaint. As a plaintiff proceeding *pro se*, the Court liberally construes Plaintiff's filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Plaintiff alleges claims of unreasonable delay in a DACA application and related employment authorization. (*See generally* Doc. 1.) DACA refers to Deferred Action for Childhood Arrivals, which is a U.S. immigration policy that provides temporary relief from deportation and renewable work authorization for certain eligible undocumented immigrants who were brought into the United States as minors. Plaintiff seeks an order requiring the USCIS to adjudicate the applications he has submitted "within a reasonable time." (*Id.*, at 3.)

Because the Complaint, liberally construed, could plausibly state at least one viable claim, service of process upon the named Defendants is hereby authorized. This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendants retain all rights to challenge the sufficiency of the Complaint through appropriate motions practice.

The Court notes that Plaintiff has provided an address for only one of the named Defendants in his Complaint. (Doc. 1, at 1-2.) Plaintiff is directed to review Fed. R. Civ. P. 4(i), which governs service of process on the United States and its agencies, corporations, officers, or employees. On or before **November 24, 2026**, Plaintiff shall provide the Clerk of Court with the addresses at which he requests each of the named Defendants be served. Thereafter, service of the

summons and Complaint shall be made by the United States Marshal or a deputy United States Marshal or by a person specially appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**III. Request for Counsel.**

As an initial matter, the Court notes that there is no constitutional right to appointed counsel in civil cases. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to request an attorney to represent an indigent party. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). The decision whether to appoint counsel is left to the Court's sound discretion. *See Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).

In exercising that discretion, the Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

The fact that counsel might assist a litigant in presenting the strongest possible case does not, standing alone, justify appointment. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). The Court is also mindful that § 1915(e)(1) does not provide for compensation of appointed counsel, and the pool of volunteer attorneys is limited. *Hasenbank*, 2020 WL 8482984, at *1. Accordingly, the Court must exercise its appointment power thoughtfully so that scarce resources are reserved for appropriate cases. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

As to the first factor – Plaintiff's ability to afford counsel – the Court is granting Plaintiff leave to proceed *in forma pauperis* in this Order. The financial affidavit submitted in support of that motion indicates that Plaintiff lacks the resources to hire private counsel, which weighs in favor of appointing counsel.

The Court next addresses Plaintiff's diligence in attempting to obtain counsel. Plaintiff is required to show that he made a reasonably diligent effort under the circumstances to obtain an attorney. The Court typically requires a plaintiff to "confer with (not merely contact) at least five attorneys." *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021) (citing *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at 2 (D. Kan. 1997) (holding that plaintiff must actually make an effort to ascertain whether an attorney will take a case, mere pretense of contact is not enough)). (*See also* Doc. 4, at 2.)

The relevant portion of Plaintiff's motion is entirely blank. (Doc. 4, at 2-3.) As such, the Court surmises he has not conferred with any attorneys, and certainly not the requisite minimum of five. Plaintiff's motion clearly establishes that he has made no attempt, let alone a good-faith effort, to retain counsel. *See Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). This weighs against the Court appointing counsel for Plaintiff.

In considering the merits of Plaintiff's claims, the Court notes that the burden is on Plaintiff to demonstrate that his claims are sufficiently meritorious to warrant the appointment of counsel. *Hill*, 393 F.3d at 1115. As discussed above, having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case at this time. That stated, this determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and based on the limited amount of information known at this time, the Court is not in a position to say whether the claims are meritorious. Accordingly, the Court finds this is a neutral factor in the Court's analysis.

The final factor is Plaintiff's capacity to prepare and present his case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. As to this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

The Court has reviewed Plaintiff's filings and finds that he has not demonstrated an inability to investigate the facts or present his claims without the assistance of counsel, particularly given the liberal construction afforded to *pro se* pleadings. Plaintiff's filings are well-organized and coherent. (*See* Docs. 1, 4, 5.) The Court understands that Plaintiff believes in his claim and believes that he deserves an attorney to represent him. These beliefs, however, do not constitute valid bases for the Court to appoint an attorney. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel. Plaintiff's motion (Doc. 4) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees. The Clerk shall not, however, issue summons at this time.

**IT IS FURTHER ORDERED** that on or before **November 24, 2026**, Plaintiff shall submit to the Clerk of the Court the addresses at which he requests each Defendant be served. Thereafter, the Court will direct service of the summons and Complaint to be made by the United States Marshal or a deputy United States Marshal or by a person specially appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated November 3, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge